UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONROE BANK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 1:10-cv-923-WTL-DML |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) |

## ENTRY ON MOTION TO DISMISS

Before the Court is the Defendant's Motion to Dismiss (Docket No. 11). This motion is fully briefed, and the Court, being duly advised, now **GRANTS IN PART AND DENIES IN PART** the Defendant's motion for the reasons set forth below.

## I. RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. The Complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II. BACKGROUND

In August 2005, Monroe Bank ("Monroe") loaned money to William and Lori Rollins

(the "Borrowers") to facilitate their purchase of a speed boat, engines, and trailer (collectively the "Boat"). In exchange for the funds, Monroe took a security interest in the Boat, which was evidenced by a Loan Agreement. The Loan Agreement required the Borrowers to obtain insurance coverage on the Boat and to name Monroe as a loss payee of the insurance policy. Accordingly, the Borrowers obtained a State Farm insurance policy (the "Policy"), which named Monroe as a loss payee.

On July 8, 2009, the Boat was stolen. The Boat was recovered but the trailer suffered damage. On July 14, 2009, the Boat was stolen again. This time, the engines were removed and the boat was set on fire, which resulted in severe damage. Monroe and the Borrowers filed an insurance claim, which State Farm denied. Monroe then instituted this suit in the Monroe County Circuit Court.[1] State Farm properly removed the case to this Court and has now filed a Motion to Dismiss (Docket No. 11).

### III. DISCUSSION

As an initial matter, the Court notes that Monroe has agreed to "voluntarily withdraw Count II of its Complaint, which alleges bad faith on the part of State Farm." Docket No. 15 at 9. Accordingly, State Farm's motion is **GRANTED** as to Count II.

Turning to the only remaining allegation, the breach of contract claim, State Farm argues first that Indiana's direct action rule bars Monroe's suit. State Farm is correct – Indiana does follow the direct action rule. This rule prohibits "a third party or judgment creditor from directly suing a judgment debtor's insurance carrier to recover an excess judgment." *State Farm Mut.*

---

[1] The Borrowers are not parties to this suit, nor have they filed their own independent lawsuit against State Farm. Accordingly, the only parties to this action are Monroe and State Farm.

2

*Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1026 (Ind. 2007). However, despite State Farm's arguments to the contrary, the direct action rule does not apply in the instant case. State Farm claims that Monroe "does not meet the definition of 'insured'" and "[a]s such, this case involves a third party attempting to directly sue an insurer for money." Docket No. 12 at 4. State Farm's argument not only relies on an exceedingly narrow interpretation of the direct action rule, it also misidentifies Monroe as a "third party." Although Monroe is not an "insured" as defined in the Policy, Monroe is identified as a loss payee in the Policy. As a loss payee, Monroe was a third party beneficiary of the contract between State Farm and the Borrowers. *Am. Underwriters Grp., Inc. v. Williamson*, 496 N.E.2d 807, 811 (Ind. Ct. App. 1986). Monroe is not a stranger to the contract between State Farm and the Borrowers. It is neither a third party nor a judgment creditor. As the *Williamson* court explained, "[o]nce a third party beneficiary accepts the contract, all are bound by it and cannot revoke or modify it to the detriment of the third party." *Id*.

State Farm argues that *Williamson* is "fundamentally different from the facts in the case at bar" and has been overruled. Docket No. 16 at 3. To the extent that State Farm argues that the facts of *Williamson* are significantly different from the facts of the instant case, the Court disagrees. In *Williamson*, a driver "executed a lease with the Ford Motor Credit Company (FMC) for the use of a 1984 Mercury Lynx automobile. Williamson was obligated to insure the vehicle for the term of the lease, so he applied for an automobile insurance policy to be provided by . . . American Underwriters Group, Inc." *Id.* at 807. "American Underwriters issued an insurance policy to Williamson providing coverage . . . and showing FMC as 'Loss Payee.'" *Id.* After Williamson wrecked the vehicle and killed another driver, American Underwriters

3

attempted to rescind the insurance contract. The Indiana Court of Appeals concluded that American Underwriters could "not rescind so as to escape liability to third parties." *Id*. at 811. Nor could American Underwriters rescind as to FMC because FMC, by virtue of being named as a loss payee in the insurance policy, was a third party beneficiary of the contract. These facts are remarkably similar to those in the instant case. In addition, the Court disagrees with State Farm's contention that "the *Williamson* ruling [has] since been overruled." Docket No. 16 at 3. Although the Indiana Supreme Court disapproved of *Williamson* in *Colonial Penn Insurance Co. v. Guzorek*, 690 N.E.2d 664 (Ind. 1997), it did not overrule the case. In *Guzorek*, the court disapproved of *Williamson* only "to the extent [*Williamson*] holds that the liability insurer can never rescind due to material misrepresentations." *Id*. at 672. This portion of *Williamson* is not even relevant to the instant case. Accordingly, because the direct action rule is inapplicable in the instant case, State Farm's first argument in favor of dismissal fails.[2]

State Farm's second argument is that the suit limitations clause in the Policy bars Monroe's claim. The suit limitations clause states: "No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." Compl. Ex. B at 5. According to State Farm, Monroe's rights are derivative of the Borrowers' rights; therefore, Monroe had to include the Borrowers in this suit. Because the Borrowers are not parties to this suit, and because more than one year has elapsed since the date of loss so they arguably cannot be added, State Farm claims that Monroe's suit must be dismissed. This argument fails because it ignores the fact that as a loss payee, Monroe

---

[2] Because the Court concludes that the direct action rule does not apply in this case, the Court will not address State Farm's arguments that none of the exceptions to the direct action rule are applicable in the instant case.

is a third party beneficiary to the insurance contract between State Farm and the Borrowers. As a third party beneficiary, Monroe can sue State Farm directly to enforce the insurance contract. *See Cain v. Griffin*, 849 N.E.2d 507, 514-15 (Ind. 2006) (stating "a third-party beneficiary may sue the insurer directly to enforce the contract between the insurer and the insured"). There is no allegation that Monroe's suit was time-barred; thus, State Farm's second argument in favor of dismissal is not successful either.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss (Docket No. 11) is **GRANTED** as to Count II and **DENIED** in all other respects.

SO ORDERED: 11/09/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Dennis F. Cantrell
Cantrell, Strenski & Mehringer, LLP
dcantrell@csmlawfirm.com

Sarah Stites Fanzini
Hopper Blackwell, P.C.
sfanzini@hopperblackwell.com

Christopher Charles Hagenow
Hopper & Blackwell
chagenow@hopperblackwell.com

Tara Stapleton Lutes
Cantrell Strenski & Mehringer, LLP
tlutes@csmlawfirm.com